**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**


**JOSEPH R. PICCIRILLI,**

      **Plaintiff,**                      **Case No. 2:09-CV-01208**

      **v.**

                                   **Judge Gary L. Lancaster**

**IUE-CWA PENSION FUND,**

      **Defendant.**

## Fed. R. Civ. P. 26(f) REPORT OF THE PARTIES

      Counsel for the parties and unrepresented parties shall confer regarding the matters identified herein and prepare a signed report in the following form to be filed at least 21 days before the Initial LR 16.1 Scheduling Conference or at such other time as ordered by the court. This report form may be downloaded from the Court's website as a word processing document and the information filled in as requested on the downloaded form. The dates to be provided in the report are suggested dates and may be accepted or modified by the Court.

1.      **Identification of counsel and unrepresented parties.**    Set forth the names, addresses, telephone and fax numbers and e-mail addresses of each unrepresented party and of each counsel and identify the parties whom such counsel represent:

      <u>**Counsel for Plaintiff**</u>

      Robert O Lampl
      Email: rlampl@lampllaw.com
      John P. Lacher
      Email: jlacher@lampllaw.com
      Elsie R. Lampl
      Email: elampl@lampllaw.com
      960 Penn Avenue, Suite 1200
      Pittsburgh, PA 15222
      (412) 392-0300
      (412) 392-0335 (fax)

**Counsel for Defendant**

William T. Payne
Email: wpayne@stemberfeinstein.com
Stephen M. Pincus
Email: spincus@stemberfeinstein.com
STEMBER FEINSTEIN DOYLE & PAYNE, LLC
Allegheny Building, 17th Flr.
429 Forbes Avenue
Pittsburgh, PA 15219-1639
Phone: (412) 281-8400
Fax: (412) 281-1007

Ronald E. Richman
Email: ronald.richman@srz.com
Jill L. Goldberg
Email: jill.goldberg@srz.com
Meredith Nachman
Email: Meredith.Nachman@srz.com
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York 10022
Phone: (212) 756-2000
Fax: (212) 593-5955

2.    **Set forth the general nature of the case** (patent, civil rights, anti-trust, class action, etc.):

      Breach of Contract , Detrimental Reliance/Promissory Estoppel , and Violation of 42 Pa.C.S. §8104

3.    **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

      The Rule 26(f) conference was held on November 2, 2009. Elsie Lampl participated on behalf of Plaintiff and Meredith Nachman and Jill Goldberg participated on behalf of Defendant.

4.    **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court:**
            (Lead Trial Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference with their calendars in hand for the purpose of scheduling other pre-trial events and procedures, including a Post-Discovery

Status Conference; Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference prepared to discuss the anticipated number of depositions and identities of potential deponents and the anticipated dates by which interrogatories, requests for production of documents and requests for admission will be served):

The Rule 16 Initial Scheduling Conference is scheduled for December 2, 2009.

5. **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**

Both Plaintiff and Defendant anticipate that dispositive motions may be filed once fact discovery has been completed.  Dispositive motions pursuant to Rule 12 should be filed on or before March 27, 2009.

6. **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected and specify the anticipated time frame for completion of the ADR process.  Set forth any other information the parties wish to communicate to the court regarding the ADR designation. For those cases in which a notice of designation for placement in the ADR program has been filed, you MUST complete the attached Stipulation Selecting ADR Process, marked as Exhibit A:**

The parties have agreed to mediation and are in the processing of picking a mediator.  The parties agree that the mediation shall be held before January 30, 2009

7. **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:**

Rule 26(a) disclosures will be made by the parties by the later of (i) December 1, 2009 or (ii) three weeks before the mediation.

8. **Subjects on which fact discovery may be needed:**        (By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein):

The parties anticipate discovery on the facts underlying the breach of contract, Detrimental Reliance/Promissory Estoppel, and Violation of 42 Pa.C.S. §8104 claims, defenses to those claims, and damages sought in this matter by plaintiff.

9. **Set forth suggested dates for the following:** (The parties may select by agreement to schedule a Post-Discovery Status Conference, as identified in Paragraph 12, below, at the conclusion of Fact-Discovery rather than at the conclusion of Expert Discovery. In that event, the parties should provide suggested dates only for the events identified in sub-paragraphs 9.a through 9.3 below. The parties shall provide such information even if dispositive motions pursuant to Fed. R. Civ. P. 12 has been or is anticipated to be filed. If there are dates on which the parties have been unable to agree, set forth the date each party proposed and a brief statement in support of each such party's proposed date. Attach to this report form a proposed Court Order setting forth all dates agreed to below and leaving a blank for the insertion of a date by the Court for any date not agreed to):

   a. **Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:** By the parties by the later of (i) December 1, 2009 or (ii) three weeks before the mediation.

   b. **Date by which any additional parties shall be joined:** March 31, 2009

   c. **Date by which pleadings shall be amended:** March 31, 2009

   d. **Date by which fact discovery should be completed:** May 31, 2009

   e. **If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:**

      None.

   f. **Date by which plaintiff's expert reports should be filed:** N/A at this time

   g. **Date by which depositions of plaintiff's expert(s) should be completed:** N/A at this time

   h. **Date by which defendant's expert reports should be filed:** N/A at this time

**i.** **Date by which depositions of defendant's expert(s) should be completed:** N/A at this time

**j.** **Date by which third party expert's reports should be filed:** N/A at this time

**k.** **Date by which depositions of third party's expert(s) should be completed:** N/A at this time

10. **If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:**

    N/A

11. **Set forth whether the parties have considered the need for special deadlines, procedure or orders of court dealing with discovery of electronically-stored information (electronic discovery), including the need for the preservation of discoverable information and the protection of the right to asset privilege(s) after the production of privileged information and if so, set forth the results of such consideration:**

    N/A

12. **Set forth whether the parties have elected to schedule the Post-Discovery Status Conference call following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following:** (The parties are <u>not</u> required during their Rule 26(f) Conference to consider or propose dates for the items identified below. Those dates will be determined, if necessary, at the Post-Discovery Status Conference. Lead trial counsel for each party and each unrepresented party are required to attend the Post-Discovery Status Conference with their calendars in hand to discuss those items listed below that required scheduling. In addition, a representative with settlement authority of each party shall be required to attend; representatives with settlement authority of any insurance company providing any coverage shall be available throughout the Conference by telephone).

The parties have elected to schedule a Post-Discovery Status Conference following completion of Fact Discovery.

**a.**　　**Settlement and/or transfer to an ADR procedure;**

**b.**　　**Dates for the filing of expert reports and the completion of expert discovery as itemized in sub-paragraphs 9.f through 9.k above, if the parties elected to defer such discovery until after the Post-Discovery Status Conference;**

**c.**　　**Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;**

**d.**　　**Dates by which parties' pre-trial statements should be filed;**

**e.**　　**Dates by which *in limine* and *Daubert* motions and responses thereto should be filed;**

**f.**　　**Dates on which motions *in limine* and *Daubert* motions shall be heard;**

**g.**　　**Dates proposed for final pre-trial conference;**

**h.**　　**Presumptive and final trial dates.**

**13.**　**Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):**
None.

**14.**　**Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role.**

No.

**15.**　**If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached.**

N/A

**16.**  **Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration.**

The parties are attempting to resolve the matter in good faith and will continue with those efforts.

Respectfully submitted,

By:   */s/ Robert O Lampl*

ROBERT O LAMPL
JOHN P. LACHER
ELSIE R. LAMPL
960 Penn Avenue, Suite 1200
Pittsburgh, PA 15222
(412) 392-0300
(412) 392-0335 (fax)

By:   */s/ William T. Payne*

William T. Payne
Stephen M. Pincus
STEMBER FEINSTEIN DOYLE &
PAYNE, LLC
Allegheny Building, 17th Flr.
429 Forbes Avenue
Pittsburgh, PA 15219-1639
Phone: (412) 281-8400
Fax: (412) 281-1007

and

Ronald E. Richman
Jill L. Goldberg
Meredith Nachman
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York 10022
Phone: (212) 756-2000
Fax: (212) 593-5955