IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH R. PICCIRILLI,    )
    Plaintiff,         )
                        )
  v.                    )   Civil Action No. 09-1208
                        )
IUE-CWA PENSION FUND,    )
    Defendant.         )

## **INITIAL SCHEDULING ORDER**

AND NOW, this 9th day of December, 2009, IT IS HEREBY ORDERED that the above captioned civil action is placed under Rule 16.1 of the Local Rules of the United States District Court for the Western District of Pennsylvania for pretrial proceedings and all provisions of the Rule will be strictly enforced.

IT IS FURTHER ORDERED that counsel shall confer with their clients prior to the Post-Discovery Status Conference, or any other status conference, in order to obtain authority for the purpose of participating in settlement negotiations to be conducted by the court. Counsel are encouraged to appear with their principals at all such conferences, or instruct the principals to be available by telephone to facilitate the amicable resolution of all litigation.

IT IS FURTHER ORDERED that compliance with the provisions of Local Rule 16.1.2.A. shall be completed as follows:

A.  <u>Initial Case Management Plan</u>

1) The parties shall complete their selected Alternate Dispute Resolution process on or before <u>February 1, 2010</u>. The parties, and their selected neutral, shall comply fully with this court's policies and procedures regarding Alternate Dispute Resolution relative to their selected process.

2) Any Motion to amend pleadings or join additional parties shall be filed on or before <u>March 31, 2010</u>.

3) The parties shall complete all fact discovery by <u>May 31, 2010.</u> All interrogatories, depositions, requests for admissions and requests for production shall be served within sufficient time to allow responses to be complete and filed prior to the close of discovery. **The Court WILL NOT routinely grant extensions of the discovery period. The Court will extend the discovery cut off date only in exceptional circumstances**. **<u>PENDENCY OF THE ADR PROCESS DOES NOT QUALIFY AS AN EXCEPTIONAL CIRCUMSTANCE.</u>**

4)  A Post-Discovery Status Conference is scheduled for Tuesday, June 8, 2010 at 4:30 p.m.. The parties shall be prepared to discuss settlement at this Conference.  The parties are also advised that the court will schedule the following at this Conference:  (1) deadlines for completion of expert discovery, if applicable; (2) dates by which dispositive motions should be filed and responded to; (2) dates by which the parties' pre-trial statements should be filed; (3) dates by which motions in limine should be filed and responded to; (4) dates by which Daubert motions should be filed and responded to; (5) dates on which argument on Daubert motions and motions in limine shall be heard; (6) date for the final pre-trial conference; and (7) trial dates.

B.  Procedures Following Inadvertent Disclosure

Except as otherwise provided in Section D, *infra*, pursuant to Local Rule 16.1.D(1-3) and in order to aid the implementation of Fed.R.Evid. 502, the parties shall adhere to the following procedures:

**1.** The producing party shall promptly notify all receiving parties of the inadvertent production of any privileged or trial preparation material. Any receiving party who has reasonable cause to believe that it has received privileged or

trial preparation material shall promptly notify the producing party.

**2.** Upon receiving notice of inadvertent production, any receiving party shall immediately retrieve all copies of the inadvertently disclosed material and sequester such material pending a resolution of the producing party's claim either by the Court or by agreement of the parties.

**3.** If the parties cannot agree as to the claim of privilege, the producing party shall move the Court for a resolution within 30 days of the notice set forth in subparagraph (a). Nothing herein shall be construed to prevent a receiving party from moving the Court for a resolution, but such motion must be made within the 30-day period.

C. <u>Motion Practice</u>

1) <u>Motions Not Requiring Briefs</u>

No brief is required by either movant or respondent unless otherwise directed by the court with respect to the following motions:

(a) For extension of time for the performance of an act required or allowed to be done;

(b) To continue a Post-Discovery Status Conference;

(c) To amend pleadings;

(d) To file supplemental pleadings;

(e) For a substitution of parties; and

(f) To compel discovery.

Any of the above motions not requiring briefs shall be accompanied by a proposed order stating the relief requested by said motion. All other motions and responses thereto, must be accompanied by a brief. The Clerk shall not accept for filing any motion, application or objection requiring a brief not accompanied by such brief without permission of the court.

D.   Procedure Governing Discovery Disputes

The Federal Rules of Civil Procedure allow for liberal discovery. Except as otherwise set provided in Section B, supra, in the absence of a privilege, relevancy is the test for determining whether material is discoverable. Fed.R.Civ.P. 26(b)(1). This rule is construed broadly and includes "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).

Discovery is not limited to the issues raised only in the pleadings, but rather is designed to define and clarify the issues. Id. at 351. Nor is discovery objectionable on the ground that the information sought would be inadmissable at trial, so long as the information sought appears reasonably

calculated to lead to the discovery of admissible evidence. Additionally, should it be determined that, given the needs of the case, compliance with a discovery request would be burdensome or expensive, this will not necessarily be grounds for non-production, but it will impact on the court's decision as to who must bear the cost of production.

In accordance with Local Rule 7.1.C., in the event a dispute arises over a discovery request, all counsel are required to confer in good faith in an effort to resolve the issue without court intervention. It shall be the obligation of the attorney for the party seeking court intervention to initiate such conferences and to do so promptly. Refusal to confer in good faith may subject counsel to sanctions, such as the imposition of costs, including the attorney's fees of opposing counsel, under Fed.R.Civ.P. 37(a)(4).

In the event, however, that the parties to this action are unable to informally resolve a discovery dispute and court intervention is sought, the movant shall file a Motion to Compel Discovery (or Protective Order if such is the case). Attached to the Motion shall be a proposed Order of Court in which the moving party shall set forth, in specific detail, its proposal for completely resolving the discovery dispute. Within five (5) working days after receipt of the motion, the respondent, either singularly or in conjunction, shall file a written response.

Attached to the response shall be respondent's proposed Order of Court.

The court will sign, without modification, the one proposed Order of Court which, in the judgment of the court, is most reasonable under the circumstances.

BY THE COURT:

s/Gary L. Lancaster
Gary L. Lancaster,
Chief United States District Judge

cc: All Counsel of Record